NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1935
_____

UNITED STATES OF AMERICA

v.

CRYSTAL BROWN,
                          Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-09-cr-00388-007 )
District Judge:  The Honorable Sylvia H. Rambo

Submitted Under Third Circuit L.A.R. 34.1(a)
January 10, 2012

BEFORE:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*

(Filed: March 20, 2012)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

1.

    Because we write solely for the parties who are familiar with the facts, we do not

restate them herein.  In December of 2009, a grand jury sitting in the Middle District of

Pennsylvania returned an indictment charging the Appellant, Crystal Brown, with the

distribution of fifty grams or more of cocaine base, and conspiracy to distribute the same. Brown later pleaded guilty to a superseding criminal information that charged her with distribution of an unspecified amount of cocaine base, in violation of 21 U.S.C. § 841(a).

A presentence report was prepared. This report found Brown responsible for distributing 200 grams of cocaine base. This put her base offense level for sentencing purposes at 30. Following adjustments for her role in the offense and her acceptance of responsibility, her total offense level was 25. After a thorough sentencing hearing, the District Court set Brown's Guidelines range between 70 and 87 months. Brown requested and received a variance from the District Court. She was ultimately sentenced to 48 months' incarceration.

2.

On appeal, Brown challenges her sentencing, arguing that the District Court procedurally erred by attributing 200 grams of cocaine base to her for purposes of computing her sentence. We review the District Court's factual findings regarding the quantity of cocaine base at issue for clear error. *United States v. Yeung*, 241 F.3d 321, 322 (3d Cir. 2001). This determination need only be supported by a preponderance of the evidence, along with "sufficient indicia of reliability to support its probable accuracy." *United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 1999). We will affirm.

We are satisfied that the District Court's determination of the quantity of cocaine base distributed by Brown is supported by a preponderance of the evidence. We take note of Brown's statements to the police upon her arrest. She admitted to being at the residence of Brandon Beatty to pick up payment for a previous delivery of cocaine base.

2

Brown told the arresting officers that she had done this on several occasions. Further, Beatty had told the police that he previously purchased cocaine base in 100-gram quantities and that Brown had collected the money for these deliveries. This supports the District Court's determination that, at a minimum, Brown was responsible for at least two shipments of 100 grams each.

Brown's argument that she did not know the weight and/or quantity of the drugs being delivered is unavailing. First, Section 1B1.3 of the Sentencing Guidelines provides that, unless otherwise specified, base offense levels, specific offense characteristics, and various adjustments shall be determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). *See also United States v. West,* 643 F.3d 102, 110 (3d Cir. 2011).

Second, we recognize that a district court's calculations as to drug quantity cannot be based on speculation. *United States v. Collado*, 975 F.2d 985, 998 (3d Cir. 1992). However, "a degree of estimation" is permitted the District Court in arriving at a specific quantity determination. *Gibbs*, 190 F.3d at 203 (citing *United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir. 1993)). A variety of evidentiary sources may be consulted by the District Court in estimating drug quantities. These include the testimony of co-defendants about the amount of drugs a defendant transported and the average amounts sold per day multiplied by the length of time sold. *Id.* Here, the District Court consulted

3

appropriate sources when it estimated the amount of cocaine base distributed. Based on Brown's own testimony as well as that of other witnesses, co-conspirators, and customers, the District Court was able to approximate the amount of cocaine base sold during her involvement in the conspiracy. We conclude that the District Court used an accepted methodology for calculating drug quantity. *See id.* The District Court proceeded cautiously and arrived at a conservative estimate in concluding that Brown distributed 200 grams of cocaine base. We can see no error in the District Court's drug quantity findings.

3.

In conclusion, the judgment of sentence given by the District Court will be affirmed.

4